IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JAMIE HAYES, | |
| Plaintiff, | Civil No. 16-9066 (RBK/JS) |
| v. | **OPINION** |
| WILDWOOD POLICE DEPARTMENT, *et al.* | |
| Defendants. | |

**THIS MATTER** comes before the Court upon defendants Officer Spencer Smith, Detective Kevin Franchville, and Wildwood Police Department's (collectively, "Defendants") Motion for Summary Judgment. (Doc. No. 22). For the reasons set forth in the opinion below, Defendants' motion for summary judgment is **GRANTED**.

**BACKGROUND**[1]

This case stems from plaintiff Jamie Hayes's ("Plaintiff") arrest and conviction for theft. (*See* Compl.). On April 12, 2015, Garden Logan's[2] purse was stolen from Mariners Arcade ("Arcade") in Wildwood, New Jersey. (Def. Mot. at 2). Officer Jacob Custis, a Wildwood Police Officer, responded to the call. (*Id.*). Mrs. Logan described the purse and its contents, which included cash, keys, one engagement ring, and one wedding ring. (*Id.*). Officer Custis then viewed the Arcade's security footage. (*Id.*). Through this footage, he determined Mrs. Logan had

---

[1] Plaintiff has not filed an opposition to Defendants' Motion for Summary Judgment. As such, Defendants' statement of facts is deemed undisputed in its entirety. L. Civ. R. 56.1.
[2] Mrs. Logan is a resident of Philadelphia, Pennsylvania. (Def. Mot. at 2).

her purse when she entered the Arcade and that an unidentified black male carried a purse out of the Arcade that matched the description of Mrs. Logan's purse. (Def. Mot. at 2). The unknown male was wearing a white sweat shirt, light blue jeans, and white sneakers. (*Id.*). Officer Custis requested the Arcade forward the security footage to the Wildwood Police Department and transported Mrs. Logan and her children home. (*Id.*).

On April 18, 2015, Officer Spencer Smith followed up with the Arcade regarding the theft. (*Id.*). The manager, Jeff Verzella ("Verzella"), had called the police to report that he had just observed someone he suspected was the unknown male from the theft on the boardwalk. (Def. Mot. at 2). Verzella took a picture of the man and called the police. (*Id.*). Verzella showed Officer Smith the photo. (*Id.*). Officer Smith recognized the man in the photo as Plaintiff. (*Id.*). Verzella then showed Officer Smith the surveillance tapes from when the theft occurred. (Def. Mot. at 2).

Officer Smith proceeded to search the area for Plaintiff. (*Id.*). Officer Smith located Plaintiff, advised him of his Miranda rights,[3] and asked Plaintiff a series of questions. (*Id.*). Plaintiff denied that he stole the purse, but admitted visiting the Arcade. (*Id.*). During this discussion, Officer Smith observed that Plaintiff was wearing an engagement ring and a wedding ring on his right pinky finger. (Def. Mot. at 2). Officer Smith called Mrs. Logan and asked her for a picture of the missing rings. (*Id.*). She sent him one. (*Id.* at 2-3). Officer Franchville then arrived on scene and he and Officer Smith compared the rings on Plaintiff's finger and the photograph and determined that they were a match. (*Id.* at 3). Plaintiff was subsequently arrested. (Def. Mot. at 3). During Plaintiff's arrest, he was initially non-compliant and refused to unclench his fist to return the rings, but eventually did so. (*Id.*). Later at police headquarters, police

---

[3] Plaintiff stated that he understood them. (*Id.*).

officers searched Plaintiff's backpack and retrieved an Olive Garden gift card "gifted to Mr. and Mrs. Logan." (*Id.*).

Plaintiff was charged with theft pursuant to N.J.S.A. 2C:20-3(a) and receiving stolen property pursuant to N.J.S.A. 2C:20-79(a).[4] (Def. Mot. at 3; Ex. C). The theft charge resulted in a criminal trial and conviction in the Law Division, Criminal Part, Cape May County, New Jersey, Docket Number 15-07-587. (Def. Mot. at 3; Ex. E). During the third day of trial, on June 29, 2016, Plaintiff interrupted the Judge during a discussion between the Court, the prosecutor, and defense counsel and asserted that the video evidence in the case was "tampered." (Def. Mot. at 3). Plaintiff's attorney explained for the record that there was no merit to this theory of tampering or spoliation of evidence and that he had repeatedly explained this to Plaintiff. (*Id.*).

Plaintiff now brings this suit under 42 U.S.C. § 1983 seeking damages for a purported violation of his constitutional rights. (*See* Compl. at 4). Plaintiff alleges that "due to detectives['] gross negligence in failing to secure and ensure that they had received all of the surveillance video[]s," they "encroached" and "damaged" Plaintiff's rights and liberties. (*Id.* at 4, 13). All Defendants subsequently moved for summary judgment on October 3, 2017. (Doc. No. 22). Plaintiff requested a series of extensions for his opposition papers, and after over six months of delays, these were due on May 2, 2018. (*See* Doc. No. 24; Doc. No. 29). Plaintiff did not, however, submit anything.

## II. STANDARD

The court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter

---

[4] Officer Smith's search of Plaintiff's backpack revealed an HP laptop computer related to a burglary that occurred hours before the incident at the Arcade. (*Id.* at 3; Ex. D).

the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Matsushida Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'") (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Anderson*, 477 U.S. at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in her favor. *Id.* at 255; *Matsushida*, 475 U.S. at 587.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The nonmoving party must at least present probative evidence from which jury might return a verdict in his favor. *Id.* at 257. The movant is entitled to summary judgment where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III.  ANALYSIS

Plaintiff has offered no probative evidence from which a jury might return a verdict in his favor. *Anderson*, 477 U.S. at 257. He alleges evidence tampering, but he has offered nothing that creates any sort of genuine issue of material fact. *Id.* at 248. In short, Plaintiff has failed to

provide anything outside of his initial 42 U.S.C. § 1983 allegations—no rational trier of fact could find for him at trial.[5] *Matsushida*, 475 U.S. at 587.

IV. **CONCLUSION**

For the reasons set forth above, Defendants' motion for summary judgment is **GRANTED**. An order follows.

Dated:   05/03/2018                                          s/Robert B. Kugler
                                                             ROBERT B. KUGLER
                                                             United State District Judge

---

[5] Because of these shortcomings, the Court need not discuss Defendants' qualified immunity or good faith immunity defenses. We also need not discuss *Monell*—there is no evidence of a constitutional violation, so there is no basis for imposing liability on the municipality.